STEPHEN M. HARBER, STATE BAR #119830
JULIAN S. SMITH, STATE BAR #309241
McCUNE & HARBER, LLP
515 South Figueroa Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 689-2500
Facsimile: (213) 689-2501
sharber@mccuneharber.com and jsmith@mccuneharber.com

Attorneys for Defendant, COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DISTRICT

| | |
|---|---|
| ALMA GONZALEZ, an individual,<br><br>　　Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION; and DOES 1 to 20, INCLUSIVE,<br><br>　　Defendants. | Case No: 2:22-cv-3121<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) DIVERSITY AND DEMAND FOR JURY TRIAL; DECLARATION OF JULIAN SMITH, ESQ. IN SUPPORT THEREOF WITH EXHIBITS** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION (hereinafter, "Costco") by and through its counsel, hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of Orange, to the United States District Court for the Central District of California, Western Division, for the reasons described below:

1.　Costco is the defendant in a civil action pending against it in the Superior Court of California for the County of Los Angeles, entitled <u>Alma Gonzalez v. Costco Wholesale Corporation; and DOES 1 through 20, Inclusive,</u> Case Number 30-2022-

-1-

01241064-CU-PO-CJC, filed and served on or about January 18, 2022. A true and correct copy of the state court Complaint is attached hereto as Exhibit A.

2. A true and correct copy of Defendant Costco's Answer to Plaintiff's Complaint is attached hereto as Exhibit B, timely filed on February 18, 2022.

## JURISDICTION

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. This case may be removed to this Court by Costco pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a case that could have been commenced in federal court based on the fact that it is a civil action between citizens of different states, and that the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4. Both at the time that this action was commenced and at this time, Costco is incorporated in the state of Washington and has its principal place of business in Washington. "For the purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

5. In accordance with, and pursuant to Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990), if one state does not contain a substantial predominance of corporate operations, courts are to apply the "nerve center" test to determine a corporation's principal place of business. (Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001).) The corporation's principal place of business is then determined by identifying the state "where the majority of the corporation's executives and administrative functions are performed." (Id.) This test is particularly appropriate where a corporation's activities are widespread and its operations are conducted in many states. (Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d at 1094; see also Lurie Co. v. Loew's San Francisco Hotel Corp., 315 F. Supp. 405, 412 (N.D. Cal. 1970); see also Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) (holding that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of

Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters. . . .).)

6. Here, Costco's employees, sales, production activities, tangible properties, purchases, income, etc. are spread across multiple states and multiple countries and no one state substantially predominates. (See Declaration of Julian Smith, at ¶ 5.) Costco's headquarters are located in Issaquah, Washington, where its executive officers operate out of. (Id.) The majority of Costco's executive and administrative functions occur in Washington; and, Costco's senior management are located in Washington. (Id.)

7. Costco is informed and believes that Plaintiff Alma Gonzalez is a citizen of Orange County, California, and a resident of Anaheim, California. (See Exhibit A, Complaint, at p. 1, ¶ 1, stating that Plaintiff is "an adult resident of Orange County, California."; and See Exhibit C, Plaintiff's Response to Form Interrogatory No. 2.5, listing Plaintiff's address as "124 N. La Plaza, Anaheim, CA.") Thus, Plaintiff is a natural person, domiciled in Anaheim, in the County of Orange, in the State of California, which, Costco is informed and believes, is the "location where [she] has established a fixed habitation or abode…and [intends] to remain there permanently or indefinitely." (Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986).)

8. Accordingly, complete diversity exists between Plaintiff and Costco.

9. Plaintiff, in her Complaint, alleges an incident that occurred on December 9, 2020, and states "Plaintiff walked through defendant's store towards the refrigeration section at the Subject Property, she slipped and fell on the wet and slippery floor…As a proximate result of Defendant's breach of their duty owed to Plaintiff, Plaintiff suffered physical and neurological injuries when she slipped and fell because of the condition." (See Exhibit A, Complaint, at p. 3, 4 ¶¶10, 17.) As a result, Plaintiff alleges state law claims for premises liability.

10. Plaintiff alleges that "The injuries sustained by the plaintiff will result in some permanent disability to Plaintiff, all to her damage in a sum to be proven at time of trial…. As a further proximate result of the negligence of Defendants and of the injuries,

Plaintiff was required and did employ physicians and surgeons to examine, treat, and care for her, and incurred other medical expenses in an amount to be proven at time of trial ….(See Exhibit A, Complaint, at p. 4, ¶¶ 18, 19.)

11. Plaintiff, in the Complaint, also requests general damages and special damages in the form of medical expenses, loss of earnings, and costs of suit, all according to proof. See Exhibit A, Plaintiff's Complaint, at p. 5, ¶¶ Prayer for Relief.

12. In April 2022, plaintiff served a Demand for $177,879.00. See (Exhibit D, Plaintiff's Demand)

13. Based on the foregoing, Costco is informed and believes that Plaintiff is claiming more than $75,000 in damages, thus exceeding the statutory threshold to satisfy the amount in controversy and invoking federal court jurisdiction.

## INTRADISTRICT ASSIGNMENT

12. The state court action was filed in the County of Orange, California, which serves as the basis for assignment to the First Street U.S. Courthouse, located at 350 W. 1st Street, Los Angeles, California, 90012, of the United States District Court, Central District of California, Western Division.

## NOTICE TO PLAINTIFF AND STATE COURT

13. Immediately following the filing of this notice of removal of action, written notice of this filing will be served on Plaintiff and will be filed with the Clerk of the Superior Court for the County of Orange, in accordance with 28 U.S.C. Section 1446(d).

## DEMAND FOR JURY TRIAL

14. Costco demands a jury trial of twelve jurors pursuant to Federal Rule of Civil Procedure 48.

WHEREFORE, Costco prays that the above-entitled action, currently pending in the Superior Court of the State of California, in and for the County of Orange, be removed therefrom to the United States District Court for the Central District of California, Western Division, and that this action proceed in this Court as an action properly removed thereto pursuant to 28 U.S.C. section 1441, et seq.

| | | |
|---|---|---|
| 1 | DATED: May 5, 2022 | McCUNE & HARBER, LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | STEPHEN M. HARBER, ESQ.<br>JULIAN S. SMITH, ESQ.<br>Attorneys for Defendant, COSTCO WHOLESALE CORPORATION |

McCune & Harber, LLP
515 South Figueroa St.
Los Angeles, CA 90071
(213) 689-2500
Fax (213) 689-2501

# **PROOF OF SERVICE**

STATE OF CALIFORNIA         )
                            )  ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 515 South Figueroa Street, Suite 1100, Los Angeles, California 90071.

On May 9, 2022, I served the foregoing document described as **DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) DIVERSITY AND DEMAND FOR JURY TRIAL; DECLARATION OF JULIAN SMITH, ESQ. IN SUPPORT THEREOF WITH EXHIBITS**, on the interested parties as follows:

Mark R. Kiran
THE BROADWAY LAW FIRM, PC
205 South Broadway
Suite 708
Los Angeles, California 90012
Tel (213) 444-3155
Fax (213) 444-3158
Mark@broadwaylaw.com; Rose@broadwaylaw.com; info@broadwaylaw.com
Attorneys for Plaintiff, ALMA GONZALEZ

__X__ BY MAIL: I served the documents by enclosing them in an envelope and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice of collection and processing of correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

__X__ BY ELECTRONIC TRANSMISSION: I caused to be transmitted a true and correct copy of the above-entitled document(s) to recipients via electronic service to the email address listed on the service list herein.

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 9, 2022, at Los Angeles, California.

*/s/ Rhianna Aguilar*
_____
RHIANNA A. AGUILAR